```
UNITED STATES DISTRICT COURT
  EASTERN DISTRICT OF TENNESSEE
```

| | | |
|---|---|---|
| TIMOTHY M. DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:20-CV-164-TAV-DCP |
| | ) | |
| SHERIFF JOE GUY, | ) | |
| TIM CARVER, and | ) | |
| MCMINN COUNTY SHERIFF DEPT., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and related motion for leave to proceed *in forma pauperis* [Doc. 6]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* before screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

## I. **MOTION TO PROCEED** *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 6] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate at the Trousdale Turner Correctional Center, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the

greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by

the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

3

B. **Allegations of Complaint**[1]

Plaintiff alleges that McMinn County Sheriff, Joe Guy, had McMinn County Sheriff's Detective, Tim Carver, "steal and take" over $100,000 worth of property from his mother's home, and that there is no record from the State that the property was seized in accordance with law [Doc. 1 p. 3, 6; Doc. 2 p. 1].

C. **Analysis**

As an initial matter, the Court observes that Plaintiff's complaint and a related letter do not give a time frame as to when the alleged theft of his property occurred. The Court notes, however, that Plaintiff filed similar allegations in another lawsuit in this Court, *Dawson v. McMinn County Justice Center, et al.*, 1:18-cv-42 (E.D. Tenn.). In that lawsuit, filed on or about March 1, 2018, Plaintiff alleged, *inter alia*, that "Tim Carver took over 50,000+ dollars worth of tools and stuff from me for no reason[] [a]nd had no paperwork to do so through the court. Plus[,] I have no record of my stuff at all" [Doc. 2 p. 5]. After screening the complaint in the prior case in accordance with the PLRA, the Court dismissed Plaintiff's theft claim for failure to state a constitutional claim [Doc. 13 p. 12-14]. Therefore, the Court finds the instant suit barred by the doctrine of res judicata, which prevents a party from relitigating claims against the same parties after those claims were decided on their merits. *See, e.g.*, *Taylor v. Reynolds*, 22 F. App'x 537, 538-39 (6th Cir.

---

[1] A notebook page of allegations accompanying Plaintiff's complaint contains his signature [Doc. 1 p. 6]. However, Plaintiff did not file a completed § 1983 form, nor did he sign his complaint under penalty of perjury. *See* 28 U.S.C. § 1746. Because the complaint is subject to dismissal on several grounds regardless of any technical inadequacies, however, the Court will not unnecessarily prolong this litigation by requiring Plaintiff to resubmit a sworn complaint.

2001) ("A completely duplicative complaint lacks an arguable basis either in law or in fact and, [is] therefore … properly dismissed on the basis of res judicata."); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980) (holding party cannot relitigate essential issues that were actually adjudicated in a prior case involving a party to that case).

Even assuming, *arguendo*, that res judicata does not bar Plaintiff's claim, it is otherwise barred by the applicable statute of limitations. Federal district courts apply the State's statute of limitations for personal injury actions in proceedings arising under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See* Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). While Plaintiff's complaint fails to identify the date of the alleged theft by Defendants, it is clear from the duplicative claim in his 2018 lawsuit that it occurred more than one year prior to the filing of the instant suit in March 2020 [*See* Doc. 1]. Therefore, the complaint is otherwise properly dismissed as time barred.

5

Case 3:20-cv-00164-TAV-DCP   Document 7   Filed 04/24/20   Page 5 of 7   PageID #: 33

Finally, the Court finds that even in the absence of any applicable bars, Plaintiff's claim fails on its merits. The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when a State employee randomly deprives an individual of property, provided that the State makes available a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Here, Plaintiff alleges that his property was taken contrary to state law, thus rendering it a random and unauthorized act. *Four Seasons Apartment v. City of Mayfield Heights*, 775 F.2d 150, 152 (6th Cir. 1985). Therefore, to state a § 1983 claim for such a deprivation, Plaintiff is "required to plead . . . that there is no adequate state-law remedy for this deprivation." *Hill v. City of Jackson, Michigan*, No. 17-1386, 2018 WL 5255116, at *3 (6th Cir. Oct. 22, 2018).

Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate for redressing the alleged theft of his property. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). Additionally, the Court notes that Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, 2001 WL 839037, at * 1 (Tenn. Ct. App. July 25, 2001) (citing Tenn. Code. Ann. § 29-30-101 and § 29-30-201). As Plaintiff has not demonstrated that these State remedies are inadequate, he has not stated a claim that would entitle him to relief under § 1983 for the deprivation of his personal property.

Accordingly, his complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE